**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ. (6375)
Email: dem@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel.: (702) 255-1718
Fax: (702) 255-0871
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| ERIC PALACIOS & ASSOCIATES, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>YISEL JAIMES-PEREZ, *et al*.<br><br>Defendants. | Case: 2:15-cv-00781-GMN-PAL<br><br>**RESPONSE TO ORDER<br>TO SHOW CAUSE** |

Defendant UNITE HERE HEALTH ("UHH") (also known as the Culinary Health Fund) respectfully submits this response to the Court's September 15, 2015 Minute Order [Doc. #12] directing UHH to show cause why the court should not remand this case to state court.

**FACTS AND PROCEDURAL HISTORY**

According to the Complaint in Interpleader filed in State Court on April 13, 2015, the Plaintiff, a law firm, represented tort claimant Yisel Jaimes-Perez ("Jaimes") and obtained $15,000 ("recovery" or "proceeds"). *See* Complaint (attached as Exhibit "A" to Petition for Removal (Doc. #1)). Plaintiff claims a right to be paid $5,821.3 out of the recovery. *Id*. ¶ 18. On April 27, 2015 Defendant UHH filed its Petition for Removal [Doc. #1] in which it alleged that its claim to the proceeds presented "a federal question under § 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)(B)(ii)] which authorizes benefit plans, like the one administered by UHH, "to obtain…appropriate equitable relief…to enforce…the terms…" of their ERISA plan documents.

In the same Petition UHH averred that Plaintiff and Jaimes executed a written agreement in favor of UHH acknowledging the rights possessed by UHH's under the terms of its ERISA plan document. In UHH's Answer, Counterclaims and Crossclaims [Doc. #6] UHH alleged that it "possesses a first priority lien on the gross proceeds (any and all monies) received by Jaimes or any representative, including the Plaintiff…" (*Id*., Affirmative Defenses ¶1) and that "UHH possesses an enforceable first-priority right of payment such that UHH's claim to the Settlement Proceeds is superior to the claim of any other person" (*Id*., Counterclaims ¶6).

## SUMMARY OF ARGUMENT

The Court is concerned that this case might not meet the requirements for removal found in 28 U.S.C. §§ 1331 and 1441(a). These statutes authorize removal of actions over which federal courts have original jurisdiction. By filing the Complaint in Interpleader, Plaintiff placed at issue in this Case all claims to the sums that Plaintiff proposes to interplead, including the claim of UHH, which claim arises under federal law. The United States Supreme Court has characterized the type of claim made by UHH here as a civil action seeking to enforce an equitable lien by agreement. *See Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 365, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006). Such claims are specifically authorized by federal statute, 29 U.S.C. § 1132(a)(3). *Id.* Section (e)(1) of the same statute states "**the district courts of the United States shall have exclusive jurisdiction** of civil actions under this subchapter…" (emphasis added). The United States Supreme Court has expressly approved removal to federal court of cases presenting such claims, stating "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] removable to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Because this Court has "exclusive jurisdiction" over UHH's claim pursuant to federal statute, Ninth Circuit precedent holds that the Court must also exercise jurisdiction over all related state law claims. Even if the Court had discretion to decline jurisdiction over the claims of other parties (which UHH doubts) the Court could decline jurisdiction only upon a showing that doing so would further interests of fairness and efficiency. UHH respectfully submits that remanding the case, or even portions of the case, would work <u>against</u> those interests.

An Order of Remand would be both costly and ineffective. If the Case were remanded, all issues presented in the Case would inevitably return to this Court because the state courts of Nevada cannot accord complete relief to all interested parties. UHH's claim to the interpleader proceeds cannot proceed in state court, so upon remand UHH would have little choice but to commence a new and separate action in this same Court in order to assert its claim. To avoid the possibility of inconsistent judgments, and consistent with Fed. R. Civ. P. 19, which requires the joinder of all interested parties, UHH would name as defendants in the new case all other claimants to the interpleader proceeds. Remanding the Case would merely harm the parties by increasing fees and costs, as the controversy would return to this Court for a final decision.

**ARGUMENT**

**1.    UHH's ERISA Plan Governs.**

Although Plaintiff invoked only its state law right to payment out of the sums to be interpleaded, the Complaint clearly names UHH as a defendant, along with other claimants to the same proceeds. UHH paid medical expenses for co-defendant Jaimes and now seeks reimbursement by enforcing a lien, as authorized by 29 U.S.C. § 1132(a)(3)) and the *Sereboff* case. In *Sereboff*, the United States Supreme Court held that state law equitable defenses to a claim for reimbursement "are beside the point" when a benefit plan's ERISA plan document says so, because federal law requires federal courts to "enforce…the terms of the [ERISA] plan" as

-3-

written. *See also US Airways v. McCutchen*, 133 S.Ct. 1537 (2013) (state law defenses cannot override terms of benefit plan); *Mutual of Omaha Ins. Co. v. Estate of Arachikavitz*, 2007 WL 2788604 at *3-4 (D. Nev.) (Sandoval, J.) (ERISA plan terms control; state laws are preempted by 29 U.S.C. §1144; ERISA plan "must recover before all others.").

### 2. This Court has Previously Authorized Removal in a Similar Case.

In early 2014 the Court decided the same issue as part of a Motion to Remand filed in a similar interpleader case that UHH also removed to this Court. The Motion was denied by United States District Court Judge Andrew Gordon, whose remarkably brief Order reads:

> Plaintiff has filed a Motion to Remand (Dkt. #9). Defendant Unite Here Health ("UHH") filed an Opposition (Dkt. #11) … UHH's claim to the subject funds arises under section 502(a)(3) of ERISA. *See* 29 U.S.C. § 1132(a)(3).
>
> In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52-56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that the comprehensive civil remedies in § 502(a) of ERISA, 29 U.S.C. § 1132(a), completely preempt state law remedies. On the same day, the Court applied this ruling to a challenged removal, concluding that "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In other words, "[c]auses of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir.1999).
>
> *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 912 (8th Cir. 2000). Thus, this Court has federal question jurisdiction over this matter, and removal was proper. Accordingly, Plaintiff's Motion to Remand is hereby DENIED.

*See* Exhibit "A" (*Benson & Bingham v. Griffiths*, Case 2:14-cv-00086-APG-CWH, Doc. #15 (D. Nev., March 11, 2014) (Order Denying Motion to Remand)). UHH urges the Court to find, as did Judge Gordon, that all actions that "relate to the civil enforcement provisions of [ERISA] 502(a) are removable to federal court" so "this Court has federal question jurisdiction over this matter, and removal was proper…."

-4-

### 3. Only this Court May Properly and Efficiently Rule on All Issues and Claims Raised by the Complaint in Interpleader.

ERISA states "It is hereby declared to be the policy of this chapter to . . . provid[e] . . . ready access to the federal courts." 29 U.S.C. § 1001(b). Furthermore, because UHH's claim arises under 29 U.S.C. § 1132(a)(3), the state court lacks jurisdiction. 29 U.S.C. § 1132(e)(1) states "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter…" (emphasis added). UHH's claim to the interpleader proceeds simply cannot proceed in State Court. *See Manufacturers Life Ins. Co. v. East Bay Restaurant and Tavern Retirement*, 57 F.Supp.2d 921 (N.D.Cal.1999) (citing *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 45-46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and noting "The Supreme Court has stated that the express preemption provisions of ERISA are deliberately…designed to establish…plan regulation as exclusively a federal concern"); *see also Turner v. Turner*, 672 S.E.2d 242, 252 (W. Va. 2008) (ERISA reimbursement claims "must be brought in federal district court" and state courts lack jurisdiction to "decide, limit, or enforce … subrogation rights to the … settlements").

The Nevada Supreme Court has held that federal jurisdictional statutes are binding and rulings made by state courts lacking jurisdiction are void (not merely voidable) even if the parties fully litigate their claims. In *Patterson v. Four Rent, Inc.*, 101 Nev. 651, 707 P.2d 1147 (1985), the Nevada Supreme Court was confronted with a statute similar to 29 U.S.C. § 1132(e). The statute granted "the federal courts original jurisdiction over any civil action involving the right of any person … of Indian blood or descent, to any allotment of land under any Act of Congress". *Id.* at 653. The state trial court had "purported actually to determine that respondent owned the land in fee simple and thus resolve the claim to land as an Indian allotment." *Id*. The Nevada Supreme Court concluded "the courts of Nevada do not have subject matter jurisdiction

to entertain such actions. Accordingly…the case [is] remanded for the district court to dismiss for lack of subject matter jurisdiction." Remanding this Case for a ruling on all claims to the interpleader proceeds would result in a judgment that is void under *Patterson v. Four Rent, Inc*.

Under 29 U.S.C. § 1132(e)(1) the district courts of the United States have "exclusive jurisdiction" over UHH's claim to the interpleader proceeds. Under 28 U.S.C. § 1367 United States district courts have, and must exercise, supplemental jurisdiction over all claims related to actions over which they already have original jurisdiction. *See Trustees of the Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923 (9th Cir. 2003) (district court that ruled on federal claim by granting default judgment lacked authority to decline supplemental jurisdiction over related state law claims).

According to the *Desert Valley Landscape* case, this Court lacks the authority to decline supplemental jurisdiction in the present scenario. But even if the Court had discretion to do so, it could properly exercise such discretion only if admissible evidence showed it would be both fair <u>and</u> more efficient to litigate the claims presented in this case in two or more separate cases. *Id.* at 926. No evidence exists in the record to suggest that the claims now before this Court can be handled more efficiently by causing them to proceed in more than one case. Rather, it is self-evident that handling all claims related to the disputed interpleader proceeds in this single Case is fair to all parties, and it is unquestionably the most efficient way to resolve them.

Remanding this Case would frustrate the joinder rules, which are intended to promote convenience and result in the speedy determination of disputes by preventing multiple lawsuits addressing the same subject matter. UHH's asserted priority recovery right makes its claim adverse to those of all others. UHH's rights cannot be fully decided without the involvement of all other claimants to the interpleader proceeds. *See* Fed. R. Civ. P. 19(a) and Nev. R. Civ. P. 19 (requiring joinder of indispensable persons needed for the court to accord complete relief); *and*

*see* Fed. R. Civ. P. 22 (authorizing joinder in interpleader cases of all persons needed to avoid exposing any party to multiple liability). Because this is the only Court that may rule on UHH's claim to the interpleader proceeds, the Court should also exercise jurisdiction all related state law claims to the proceeds. If the Court were to remand this Case (or even portions of the Case) it could force the parties to engage in litigation in multiple forums, potentially exposing the parties to inconsistent judgments. This is the only court that can take the entire case.

4. **Removal Was Proper Under 28 U.S.C. §§ 1331 and 1441(a).**

Under 28 U.S.C. § 1331 "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." UHH's claims to interpleader proceeds arise under federal law, as Judge Gordon previously found. Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." This Case falls within the provisions of these statutes, and was properly removed.

5. **Removal was also Proper Under The Doctrine of Complete Preemption.**

UHH's decision to remove the case to this Court is supported by the doctrine of complete preemption, which "converts an ordinary state common law complaint into one stating a federal claim…" *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Although the doctrine is not identified by name in *Patterson v. Four Rent Inc.*, 101 Nev. 651, 707 P.2d 1147 (1985), it is a complete preemption case. An example that is more factually similar to this Case is *Iowa Health System, Inc. v. Graham*, 2008 WL 2959796 (C.D. Ill. 2008). In that case, the participant (Graham) of an ERISA benefit plan received accident benefits and the plan (Iowa Health) asserted a right to be reimbursed out of Graham's tort recovery. She filed an "Application to Adjudicate Liens" in a state court negligence case, which served the same purpose as the

Complaint in Interpleader here. The Application was served on the ERISA plan, but the plan failed to appear so the state court entered a default judgment purporting to invalidate the plan's lien. The plan later filed a reimbursement action in federal court asserting a claim under 29 U.S.C. § 1132(a)(3), just as UHH has done here. Graham moved to dismiss, arguing *res judicata*. But consistent with *Patterson v. Four Rent Inc.*, the federal court denied the motion, ruling:

> Defendant's argument fails because **Iowa Health was unable to bring the present ERISA claim before the [state court]…** *See Spitz v. Tepfer*, 171 F.3d 443, 447 (7th Cir.1999) (*res judicata* not proper when a party's claim falls under exclusive jurisdiction of federal courts and that party did not choose the original state forum)…Iowa Health could not have pursued its ERISA claim in the previous state court case. While a [federal] district court may exercise supplemental jurisdiction over a state law claim, **state courts may not exercise jurisdiction over exclusive federal claims…Iowa Health seeks equitable relief to enforce the IH Plan under 29 U.S.C. § 1132(a)(3), a claim that falls under exclusive jurisdiction of the federal courts**…Iowa Health's ERISA claim is not barred under *res judicata* because the ERISA claim could not have been brought in state court…

In a later ruling, the court granted summary judgment to the ERISA plan. *See Iowa Health System, Inc. v. Graham*, 2009 WL 2222780, *5 (C.D. Ill., 2009), stating:

> …Graham (once again) asserts that the [state court's] judgment in the prior lien adjudication proceeding bars this federal action through the doctrine of *res judicata*. This Court conclusively decided the preclusion issue against Graham…holding that Illinois law of preclusion does not bar this federal suit because **Iowa Health's ERISA claim falls under the exclusive jurisdiction of the federal courts and could not have been litigated in the state lien adjudication proceeding** initiated by Graham.

To eliminate the chance of inconsistent orders or judgments, the federal court also ruled *sua sponte* that to the extent the state court's rulings conflicted with federal counterparts, federal law (ERISA) expressly preempted state laws, including state court orders and judgments. *Id*. at *6.

### 6.     Numerous Cases Support Removal in Similar Circumstances.

The result seen in the *Patterson* and *Iowa Health System* case opinions is far from anomalous. In *Mid-Century Ins. Co., v. Menking*, 327 F.Supp.2d 1049 (D. Neb. 2003) the United

-8-

States District Court <u>awarded summary judgment to an ERISA plan after denying, on the basis of complete preemption, a Motion to Remand in precisely the same legal and factual interpleader scenario presented here</u>. Many other authorities are also in agreement. *See Turner v. Turner*, 672 S.E.2d 242 (Sup. Ct. W. Va. 2008) (state court lacked jurisdiction to decide ERISA subrogation claim); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (actions filed in state court as common law claims may in fact be preempted by ERISA and removed to federal court); *Estate of Allen v. Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan*, 196 F.Supp.2d 780 (E.D. Ark. 2002) (awarding summary judgment to ERISA plan <u>after removal of interpleader case from state court</u>); *Reynolds v. SouthCentral Regional Laborers Health and Welfare Fund,* 306 F.Supp.2d 646 (W.D. La. 2004) (awarding summary judgment to ERISA plan that <u>removed state court declaratory relief action and asserted counterclaim for reimbursement</u>); and *see* Exhibit "A" (Judge Gordon's March 2014 Order finding that UHH's removal of a similar case was proper).

## CONCLUSION

UHH's claim to the interpleader proceeds arises under 29 U.S.C. § 1132(a)(3). The claim is an ERISA civil enforcement action over which this Court has exclusive jurisdiction under 29 U.S.C. § 1132(e)(1). "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] removable to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). UHH's removal of this action to this Court was proper and the Case should not be remanded.

Dated this 25th day of September, 2015.

CHRISTENSEN JAMES & MARTIN

By:    */s/ Daryl E. Martin*
Daryl E. Martin, Esq.
Nevada Bar No. 006735
7440 W. Sahara Ave.
Las Vegas, Nevada 89117
*Attorneys for UNITE HERE HEALTH*

# CERTIFICATE OF SERVICE

I am over the age of 18, I am employed by and am readily familiar with the practices of Christensen James & Martin ("Firm").  On the date of filing of the foregoing papers with the Clerk of Court the Firm caused a true and correct file-stamped copy of the RESPONSE TO ORDER TO SHOW CAUSE to be served in the following manner:

☒ ELECTRONIC SERVICE:   Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL:   By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to counsel for the Plaintiff:

☐ OVERNIGHT COURIER:   By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

CHRISTENSEN JAMES & MARTIN

By:   /s/ Natalie Saville